UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENNETH MOREE, ET AL | * | CIVIL ACTION NO. 2:22-cv-02829 |
| VERSUS | | |
| | * | JUDGE CARL J. BARBIER |
| CHEVRON PIPELINE COMPANY, ET AL | * | MAGISTRATE JUDGE MICHAEL B. NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## AMENDED PETITION OF INTERVENTION

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT, WITHIN AND FOR THE EASTERN DISTRICT OF LOUISIANA

NOW INTO COURT, through the undersigned counsel, comes LUBA CASUALTY INSURANCE COMPANY appearing as Intervenor herein, and with respect, alleges that:

1.

LUBA CASUALTY INSURANCE COMPANY is an insurance corporation authorized to do and doing business in the State of Louisiana.

2.

On and prior to October 24, 2019, the date of the alleged accident sued upon by plaintiffs in the principal demand and at all relevant times, LUBA CASUALTY INSURANCE COMPANY was the workers' compensation insurer of Wastewater Treatment Systems and Operations, the employer of KENNETH MOREE, plaintiff in the principal demand.

3.

On or about October 24, 2019, while employed by said employer and acting in the course and scope of his employment, KENNETH MOREE sustained physical injuries by an accident as mentioned in the petition filed by KENNETH MOREE, and the workers' compensation laws of

Louisiana were and are applicable to all rights and liabilities and obligations as between KENNETH MOREE on the one hand and his employer, Wastewater Treatment Systems and Operations, on the other hand.

4.

Because of injuries sustained by KENNETH MOREE in the accident referred to in the petition filed by him herein, and because of medical and other professional care made necessary as a result thereof, under the workers' compensation laws of Louisiana, LUBA CASUALTY INSURANCE COMPANY has made payments to and/or for the account of KENNETH MOREE for hospital and medical and other expenses for professional care and also has made payments to and/or for the account of KENNETH MOREE for workers' compensation benefits.

5.

All payments that LUBA CASUALTY INSURANCE COMPANY has made and may hereafter make to and/or for the account of KENNETH MOREE were made and will be made because of injuries sustained by KENNETH MOREE in said accident and because of the obligations of LUBA CASUALTY INSURANCE COMPANY as the insurer of the employer of KENNETH MOREE under the Workers' Compensation Laws of Louisiana.

6.

By virtue of the Workers' Compensation Laws, and other laws of Louisiana, and by virtue of the subrogation rights and other provisions in the insurance policy providing said workers' compensation insurance coverage to the employer of KENNETH MOREE, LUBA CASUALTY INSURANCE COMPANY had and has a right of action against all third parties allegedly responsible for said accident to recover all payments that it has made and may hereafter make pursuant to said

Workers' Compensation Laws, and accordingly has a claim and a right of action against all defendants herein for recovery of any and all such amounts.

7.

LUBA CASUALTY INSURANCE COMPANY has an interest in the outcome of this lawsuit to recover all such payments that have been made and may be made by it as above mentioned, and LUBA CASUALTY INSURANCE COMPANY desires to intervene herein and claim all such amounts and in the event any recovery by KENNETH MOREE should be made herein, LUBA CASUALTY INSURANCE COMPANY was and is entitled to and does claim any and all such amounts that it has paid and may pay, out of any such recovery, by way of preference.

8.

As Intervenor, LUBA CASUALTY INSURANCE COMPANY joins with plaintiffs in asserting claims against the Defendants herein, and primarily on information and belief, LUBA CASUALTY INSURANCE COMPANY adopts as its own and incorporates herein by reference the same as if having been rewritten herein in extenso, all allegations of plaintiffs' petition.

9.

Whatever damages KENNETH MOREE, as plaintiff, may recover herein should be so apportioned in any judgment rendered that the claim of LUBA CASUALTY INSURANCE COMPANY as Intervenor, for all workers' compensation benefits paid and may be paid by it because of injuries sustained by KENNETH MOREE in said accident shall take precedence over all claims of KENNETH MOREE herein to the extent of any and all such amounts; and said judgment also should provide that if such damages that may be awarded to KENNETH MOREE are not sufficient or are sufficient only to reimburse said LUBA CASUALTY INSURANCE COMPANY for the total of the amounts it has paid and may pay as of that time that such damages should be assessed solely in favor

LUBA CASUALTY INSURANCE COMPANY, but if such damages are more than sufficient to reimburse LUBA CASUALTY INSURANCE COMPANY then any excess over the total of the amount and/or amounts payable to LUBA CASUALTY INSURANCE COMPANY should be assessed in favor of KENNETH MOREE and upon the payment thereof to KENNETH MOREE and all liability of LUBA CASUALTY INSURANCE COMPANY and/or the employer of KENNETH MOREE for any and all additional benefits under the Workers' Compensation Laws of Louisiana to and for the account of KENNETH MOREE should be ordered ceased for such part of such workers' compensation benefits due computed at six (6.0%) percent per annum or at whatever maximum rate may be allowed shall be satisfied by such payment.

10.

In the event whatever damages KENNETH MOREE may recover shall not be sufficient to reimburse LUBA CASUALTY INSURANCE COMPANY for all payments made by it as of that time and also fully to satisfy any further workers' compensation liability of said LUBA CASUALTY INSURANCE COMPANY and/or the employer of KENNETH MOREE for any benefits that may be computed at the maximum discount rate then allowable, LUBA CASUALTY INSURANCE COMPANY should have judgment in its favor and against the defendants herein, in solido, for an amount equal to any and all workers' compensation liability that LUBA CASUALTY INSURANCE COMPANY may have had.

11.

Alternatively, LUBA CASUALTY INSURANCE COMPANY alleges that in the event whatever damages KENNETH MOREE may recover shall not be sufficient so as to reimburse said LUBA CASUALTY INSURANCE COMPANY for all workers' compensation benefits made as of

that time and fully to satisfy any additional workers' compensation liability of LUBA CASUALTY INSURANCE COMPANY and/or the employer of KENNETH MOREE computed at the maximum discount rate that may be then appropriate, and if LUBA CASUALTY INSURANCE COMPANY is not awarded an amount equal to any and all additional workers' compensation liability that LUBA CASUALTY INSURANCE COMPANY and/or the employer of KENNETH MOREE may have had and may have in excess of any amounts that may have been awarded to said KENNETH MOREE and said LUBA CASUALTY INSURANCE COMPANY all rights should be reserved to LUBA CASUALTY INSURANCE COMPANY and to the said employer of KENNETH MOREE to assert against the defendants herein and/or any of them and anyone else at any appropriate time any and all claims that LUBA CASUALTY INSURANCE COMPANY may have had and may have because of any workers' compensation liability for any amounts that may not have been satisfied by any judgment rendered herein.

**WHEREFORE**, Intervenor prays that leave of Court be granted to file this amended intervention and that after all due proceedings have been had, there be judgment rendered herein in favor of said Intervenor, LUBA CASUALTY INSURANCE COMPANY, and against plaintiffs, KENNETH MOREE and FRAN MOREE, and against defendants, CHEVRON PIPE LINE COMPANY; DXP ENTERPRISES, INC.; XYLEM, INC. d/b/a GOULDS WATER TECHNOLOGY, a/k/a GOULDS PUMPS; DAYTON ELECTRIC MANUFACTURING CO.; FLINT & WALLING, INC.; S.J. ELECTRO SYSTEMS, LLC successor to OHIO ELECTRIC CONTROL, INC.; SCHNEIDER ELECTRIC USA, INC. f/k/a SQUARE D. COMPANY d/b/a SQUARE D; PULSAFEEDER, INC.; EMERSON ELECCTRIC CO.; ROSEMOUNT, INC.; OHIO ELECTRIC CONTROL, INC.; and, THE CINCINNATI INSURANCE COMPANY, for the full and true sum of all workers' compensation benefits and medical expenses paid to or on behalf of plaintiff,

KENNETH MOREE, together with legal interest thereon from date of judicial demand until paid and for the additional full and true sum of any and all amounts that may or might be paid in the future by intervenor and for all costs of these proceedings.

Intervenor further prays for all general and equitable relief and for all orders and decrees necessary in the premises, and for all costs.

                Respectfully submitted,

                **FUNDERBURK & BUTLER**

BY:      s/ David T. Butler, Jr.
      **DAVID T. BUTLER, JR. #14123**
      8550 United Plaza Boulevard, Suite 202 (70809)
      Post Office Box 80539
      Baton Rouge, Louisiana 70898
      Telephone: 225 / 924-1000
      Facsimile:  225 / 924-1100
      davidbutler@fblawoffice.com