UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH AND FRAN MOREE | CIVIL ACTION |
| VERSUS | NO. 22-2829 |
| CHEVRON PIPELINE COMPANY, ET AL | SECTION: "J"(5) |

### ORDER AND REASONS

Before the Court is a *Motion for Reconsideration* **(Rec. Doc. 108)** filed by Plaintiffs, Kenneth and Fran Moree; and an opposition (Rec. Doc. 111) filed by Defendant, Chevron Pipe Line Company ("Chevron"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED.**

Plaintiff Kenneth Moree alleges he was injured at Defendant Chevron's Empire Terminal in Buras, Louisiana while servicing a potable water tank. Mr. Moree was employed by Bozeman, Inc. d/b/a Wastewater Treatment Systems & Operations ("WTSO") and provided chlorination and fecal coliform sampling for the water tank. Mr. Moree alleges that, on October 24, 2019, the potable water tank exploded while he was servicing it, throwing him against the piping in the tank shed and causing serious injuries.

Plaintiffs move for reconsideration of this Court's March 13, 2024 Order and Reasons denying their Motion for Partial Summary Judgment, in which Plaintiffs argued that Chevron cannot meet its burden of proof that it is entitled to statutory employer status and is therefore not immune from tort liability as a matter of law.

1

(Rec. Doc. 107). The Court found that a genuine issue remained regarding which of two contracts (a 2008 contract containing the necessary statutory employer language or a 2013 contract that did not contain such language) governed WTSO's work at the Empire Terminal at the time of Mr. Moree's injury, thus precluding determination of statutory employer status. *Id.* at 6. The Court also determined that, along with the contracts, conflicting testimony and affidavit evidence from WTSO's president precluded the Court from determining whether Mr. Moree was a statutory employee of Chevron. *Id.* at 6-7.

In the instant motion, Plaintiffs again argue that Chevron cannot prove that the 2008 was applicable to Mr. Moree's work in 2019 and therefore cannot prove it was the statutory employer of Mr. Moree. (Rec. Doc. 108-1, at 2-3). In response, Chevron notes that Plaintiffs motion simply rehashes the very legal arguments that the Court previously considered and rejected, without adding any new evidence. (Rec. Doc. 111, at 3-5).

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e). *Southern Snow Manufacturing Co, Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473,

479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79; *Snowizard*, 921 F. Supp. 2d at 565. Also, such motions should not be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *Snowizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

Plaintiffs have not established any of the four factors required for reconsideration. Instead, Plaintiffs simply restate their arguments presented in their original motion for partial summary judgment without pointing to an error or providing any new evidence regarding Chevron's statutory employer status. The fact remains that, based on the evidence presented to the Court, genuine issues of

3

material fact remain as to the statutory employer status because of the potential applicability of multiple contracts and contradictory testimony. Judgment as a matter of law remains inappropriate, and Plaintiff's arguments do not warrant the extraordinary relief associated with granting a motion for reconsideration. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Reconsideration* **(Rec. Doc. 108)** is **DENIED.**

New Orleans, Louisiana, this 16th day of April, 2024.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE